JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

E-FINITY DISTRIBUTED GENERATION, LLC

**(b)** County of Residence of First Listed Plaintiff: Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kyle Garabedian (215-525-0867)
123 S Broad St, Suite 1950, Philadelphia, PA 19109

## DEFENDANTS

VIVIFY TECHNOLOGY CORPORATION

County of Residence of First Listed Defendant: ____________
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [X] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [X] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [X] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
28 U.S.C. § 1332 et seq

Brief description of cause:
Breach of Commercial Contract and Account Stated

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____________ DOCKET NUMBER ____________

DATE: 8/6/2026

SIGNATURE OF ATTORNEY OF RECORD: */s/ Kyle Garabedian*

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Various locations, including PA

***RELATED CASE IF ANY:*** Case Number:__________ Judge:__________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief ***see certification below***
☐ 16. All Other Federal Question Cases. *(Please specify)*:__________

**B.** ***Diversity Jurisdiction Cases:***

☒ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*):__________
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*__________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| E-FINITY DISTRIBUTED GENERATION, LLC<br><br>*Plaintiff*<br><br>v.<br><br>VIVIFY TECHNOLOGY CORPORATION<br><br>*Defendant* | CIVIL ACTION NO: 2:26-cv-6317<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

E-Finity Distributed Generation, LLC ("Plaintiff" or "E-Finity"), by and through its undersigned counsel, by way of Complaint against Vivify Technology Corporation ("Defendant" or "Vivify"), states as follows:

## NATURE OF ACTION

1. This is a straightforward breach of contract action arising from Vivify's refusal to pay for specialized equipment and services after E-Finity fully performed every obligation it undertook.

2. E-Finity agreed to supply and commission a Capstone C65S Hydrogen Stand Alone Turbine (the "Turbine") system for Vivify's Delray Beach Pilot Project, along with certain supporting accessories.

3. During the course of performance, E-Finity further accommodated Vivify's evolving project needs and met their timelines. E-Finity agreed to remove the supporting accessories from the order and reduce the contract price by $35,000.00.

4. Thereafter, at great expense and effort, E-Finity delivered the Turbine to Vivify and commissioned it on an expedited basis.

5. Vivify immediately made use of the Turbine for investor presentations, covered the Turbine in its branding materials, and otherwise benefited from the Turbine.

6. Having received the benefit of E-Finity's performance and its contractual accommodations, Vivify refused to fulfill its obligation of paying the agreed contract balance. Instead, Vivify attempted to impose new conditions and demand additional deliverables that were never part of the parties' agreement.

7. In a complete change of direction, Vivify is now demanding delivery of the accessories (for which it has not been charged) before it pays the outstanding balance of $127,018.21, together with interest for the Turbine.

## PARTIES

8. Plaintiff E-Finity Distributed Generation, LLC is a limited liability company organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 161 Pennsylvania Avenue, Wayne, Pennsylvania 19087. The members of E-Finity all reside in Pennsylvania or West Virginia.

9. Defendant Vivify Technology Corporation is a Florida corporation with its principal place of business located at 325 NE 5th Avenue, Suite 201, Delray Beach, Florida 33483.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this action is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

11. Plaintiff is a citizen of Pennsylvania and West Virginia for purposes of diversity jurisdiction through the citizenship of each of its members.

12. Defendant is a citizen of Florida.

13. The amount in controversy exceeds $75,000 because Plaintiff seeks recovery of at least $127,018.21, together with prejudgment interest, post-judgment interest, costs, and other damages.

14. This Court has personal jurisdiction over Vivify because it purposefully established and maintained a commercial relationship with E-Finity, a Pennsylvania company, and the claims asserted herein arise directly from that relationship and Vivify's alleged breach of the parties' Agreement.

15. Vivify's contacts with Pennsylvania are directly related to the claims asserted herein.

16. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, including E-Finity's performance under the Agreement and Vivify's alleged failure to remit payment.

17. The parties' agreement further provides that it "shall be governed by and construed under the laws of the Commonwealth of Pennsylvania." A true and correct copy of the Purchase Order, Quote No. MA14703, and the applicable Terms and Conditions are collectively attached hereto as **Exhibit A**.

## BACKGROUND

### A. Vivify Contracts with E-Finity for the Delray Beach Pilot Project

18. E-Finity is a well-known supplier and designer of electrical power generation equipment and supporting services.

19. In early 2026, Vivify approached E-Finity to supply a turbine system for Vivify's Delray Beach Pilot Project.

20. Vivify selected E-Finity because of its experience in providing the specialized equipment and support necessary for the project.

21. After discussing Vivify's needs, the parties reached an agreement under which E-Finity would furnish the turbine system required for the project in exchange for the agreed purchase price.

22. Following negotiations, the parties entered into Vivify's Purchase Order and E-Finity Quote No. MA14703 (the "Agreement") on April 15, 2026. See **Ex. A**.

23. Under the Agreement, E-Finity agreed to the Turbine, together with related equipment and commissioning services, for a total purchase price of $324,036.42.

24. The parties further agreed that Vivify would pay fifty percent (50%) of the purchase price upon receipt of the Agreement, with the remaining balance due thirty (30) days after the equipment was ready to ship.

25. Vivify accepted those terms and timely remitted the required deposit on April 17, 2026, thereby confirming the parties' agreement and authorizing E-Finity to proceed with performance.

**B. E-Finity Accommodates Vivify's Changing Project Requirements**

26. After the Agreement was executed, the scope of Vivify's project changed.

27. The accessories, which were only a small fraction of the overall contract price, would have had a lead time of 6-8 weeks to deliver to Vivify.

28. For reasons unknown to E-Finity, Vivify did not want to wait this customary period for delivery and demanded delivery of the Turbine as soon as possible.

29. Rather than insist upon strict compliance with the original Agreement, E-Finity worked cooperatively with Vivify to accommodate those changes and ensure the project could move forward.

30. As part of that accommodation, the parties agreed that the accessories that would delay delivery would be removed.

31. Although E-Finity had no contractual obligation to reduce the agreed purchase price after execution of the Agreement, it nevertheless issued Vivify a credit in the amount of $35,000.00 (the cost of the additional accessories).

32. That accommodation reduced Vivify's remaining payment obligation from $162,018.21 to $127,018.21, which is reflected in Revised Invoice No. 042603B-R. A true and correct copy of that invoice is attached hereto as **Exhibit B**.

33. At every stage of the project, E-Finity acted in good faith to accommodate Vivify's requests and facilitate completion of the parties' business relationship.

**C. E-Finity Fully Performs Its Obligations**

34. Having accommodated Vivify's revised project scope, E-Finity proceeded to complete every obligation required of it under the Agreement, as modified.

35. The turbine system and associated equipment were shipped on April 29, 2026.

36. Under the parties' Agreement, shipment triggered Vivify's obligation to pay the remaining contract balance within thirty (30) days.

37. Accordingly, the balance of $127,018.21 became due on May 29, 2026.

38. The revised invoice expressly reflects the agreed credit and provides that the remaining balance was due "50% due at Ready to Ship, Net 30 days." See **Ex. B.**

39. Likewise, the parties expressly agreed that title to the equipment would remain with E-Finity until payment was made in full. See **Ex. A**, Terms and Conditions § 7.

40. E-Finity fully performed the Agreement and satisfied every material obligation it undertook.

**D. After Receiving the Benefit of E-Finity's Performance, Vivify Refuses to Pay**

41. Although Vivify accepted the benefit of E-Finity's complete performance, it failed to pay the balance due under the Agreement by May 29, 2026.

42. When E-Finity followed up on the overdue payment, Vivify suddenly attempted to condition payment upon additional requirements and deliverables that were never included in the parties' Agreement and were never accepted by E-Finity.

43. Initially, Vivify claimed that it would not pay until E-Finity provided some form of "on-site training" to its employees and answered separate technical questions.

44. The referenced training or support was not listed as deliverables anywhere in the Agreement.

45. In repeated exchanges that followed, Vivify again claimed that it was not paying until this unspecified "on-site training" was completed.

46. After more weeks of refusal to pay, Vivify changed its excuse for non-payment and started claiming for the first time that the reason for the non-payment was that the accessories (for which it was not charged) were not delivered.

47. Those accessories are not necessary for the Turbine to function and were removed from the delivery to accommodate Vivify's own requests.

48. Regardless, Vivify's desire for additional equipment does not allow it to unilaterally withhold payment for the Turbine.

49. Since May 29, 2026, E-Finity has attempted to resolve the matter in good faith without litigation. However, those attempts have been unsuccessful, as Vivify has neither remitted payment nor identified any legitimate contractual basis for withholding the amounts due.

50. Vivify has refused to make any additional payments unless E-Finity performs work (without payment) to deliver and commission the accessories.

51. However, upon information and belief, Vivify has no intention of remitting payment.

52. Indeed, the principal owner of Vivify told one of E-Finity's sales representatives that he was refusing to pay E-Finity out of "spite" because E-Finity demanded payment of the outstanding balance.

53. He also threatened that he would "buy E-Finity" in retaliation for E-Finity seeking payments and similar unusual threats.

54. Under the circumstances, E-Finity is understandably not willing to perform further services without, at a minimum, payment for the Turbine.

55. Consequently, Vivify has retained the benefit of E-Finity's performance while refusing to satisfy its own payment obligations.

56. As of the filing of this Complaint, Vivify remains indebted to E-Finity in the principal amount of $127,018.21, exclusive of prejudgment interest, post-judgment interest, costs, attorneys' fees where recoverable, and all other damages permitted by law.

57. E-Finity has been forced to commence this action to recover the sums indisputably owed under the parties' Agreement.

## COUNT I – ACCOUNT STATED

58. Plaintiff incorporates by reference each preceding paragraph of this Complaint as though fully set forth herein.

59. Following the parties' agreed modification to the project scope, E-Finity issued Revised Invoice No. 042603B-R reflecting the agreed credit of $35,000.00 and the remaining balance due of $127,018.21.

60. The revised invoice accurately reflected the parties' Agreement, including the agreed reduction in scope and the corresponding adjustment to the purchase price.

61. Vivify retained Revised Invoice No. 042603B-R without objecting to the amount stated therein.

62. Thereafter, E-Finity repeatedly demanded payment through telephone calls, electronic mail, and formal written correspondence.

63. Vivify nevertheless failed to pay the outstanding balance and failed to identify any error in the calculation of the amount due.

64. Instead, months later, Vivify attempted to justify its nonpayment by asserting conditions and additional obligations that were never part of the parties' Agreement.

65. By retaining the revised invoice without timely objection to the amount due and failing to dispute the correctness of the stated balance, Vivify assented to the correctness of the account.

66. Vivify remains indebted to E-Finity in the principal amount of $127,018.21, together with prejudgment interest, costs, and all other damages recoverable under applicable law.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in its favor and against Vivify in an amount exceeding $75,000.00, together with prejudgment interest, post-judgment interest, costs of suit, and such further relief as the Court deems just and proper.

**COUNT II – BREACH OF CONTRACT**

67. Plaintiff incorporates by reference each preceding paragraph of this Complaint as though fully set forth herein.

68. The Agreement constitutes a valid and enforceable contract between E-Finity and Vivify.

69. E-Finity fully performed all material obligations required under the Agreement, including the parties' agreed-upon modification to the project scope.

70. As part of that modification, E-Finity accommodated Vivify's request to remove certain components from the project and reduced the contract price by $35,000.00.

71. Under the Agreement, Vivify was obligated to pay the remaining balance of $127,018.21 within thirty (30) days after the equipment was ready to ship.

72. Vivify materially breached the Agreement by failing and refusing to pay the outstanding balance when payment became due.

73. Vivify's attempt to impose additional conditions and requirements outside the Agreement does not excuse its failure to perform its contractual obligations.

74. As a direct and proximate result of Vivify's breach, E-Finity has sustained damages in an amount not less than $127,018.21, together with prejudgment interest, post-judgment interest, costs, and all other damages recoverable under Pennsylvania law.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in its favor and against Vivify for compensatory damages, prejudgment interest, post-judgment interest, costs of suit, and such other relief as the Court deems just and proper.

**COUNT III – UNJUST ENRICHMENT**

75. Plaintiff incorporates by reference each preceding paragraph of this Complaint as though fully set forth herein.

76. This Count is pled in the alternative pursuant to Rule 8(d) of the Federal Rules of Civil Procedure.

77. To the extent the Court determines that no enforceable contract governs all or part of the parties' dispute, E-Finity conferred valuable benefits upon Vivify by supplying the turbine system.

78. Vivify knowingly accepted and retained those benefits, and has failed to compensate E-Finity for the value of the benefits it received.

79. Under these circumstances, it would be inequitable and unjust for Vivify to retain the benefits conferred by E-Finity without paying for them.

80. As a direct and proximate result of Vivify's unjust retention of those benefits, E-Finity has sustained damages in an amount to be proven at trial, but in no event less than $127,018.21.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in its favor and against Vivify for restitution, compensatory damages, prejudgment interest, post-judgment interest, costs of suit, and such other relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Kyle Garabedian*
Kyle Garabedian, Esquire
Kang Haggerty LLC
123 South Broad Street
Suite 1950
Philadelphia, PA 19109
Telephone: 215.525.5850
*Attorney for Plaintiff E-Finity Distributed Generation, LLC*

Dated: August 26, 2026